IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COUNTRYWIDE HOME LOANS, INC.      :
                    Plaintiff      :
                                   :        3:CV-07-2072
          VS.                      :        (JUDGE VANASKIE)
                                   :
DANIEL N. STRINGER and MARIANNE    :
STRINGER                           :
                    Defendants     :

ORDER

August 15, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 13, 2007, Plaintiff Countrywide Home Loans, Inc., filed a mortgage

foreclosure action against Defendants Daniel N. Stringer and Marianne Stringer alleging

Defendants defaulted on their obligation to repay a loan secured by a mortgage on their

residence at 156 Lake of the Pines, East Stroudsburg, Pennsylvania 18301 ("East Stroudsburg

Address"). (Dkt. Entry 1.)[1]  Initially, Plaintiff attempted to serve the complaint on Defendants at

the East Stroudsburg Address.  The Monroe County sheriff unsuccessfully attempted service

on December 11, 2007.  (Sheriff Serv. Process Receipt, & Aff. of Return ("Aff. of Return"), Ex.

A to Pl.'s Mot. Alternate Serv. Process Def. Marianne Stringer ("Pl.'s Mot."), Dkt. Entry 13-2.)

The next day, although Defendants were not present, the sheriff served the complaint on

_____

[1]The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

nineteen-year-old Michael Diroski, a tenant occupying the property.  (Pl.'s Mot., Dkt. Entry 13, ¶ 2.)  According to the return of service, Mr. Diroski was served as a "person in charge" of the East Stroudsburg Address.  (Aff. of Return.)  The return does not indicate, however, whether Defendants continued to reside at the East Stroudsburg Address as of December 12, 2007.[2]

Because Defendants were not served at the East Stroudsburg Address, and the property was occupied by Mr. Dirsoki, Plaintiff concluded service was invalid and searched for another address for Defendants.  (Pl.'s Mot. ¶ 2; Status Report, Jan. 9, 2008, Dkt. Entry 4.)  On or about December 20, 2007, Plaintiff uncovered a new address for Defendants at 20 Toby Lane, Trenton, New Jersey 08620 ("New Jersey Address").  (Pl.'s Mot. ¶ 3; Status Report, Jan. 9, 2008.)  B & R Services, Inc., a private process server employed by Plaintiff, unsuccessfully attempted to serve Mrs. Stringer six times between December 28, 2007, and January 7, 2008.  (Aff. of Due Diligence, Ex. B to Pl.'s Mot., Dkt. Entry 13-3.)  On each occasion, no one was present nor were vehicles parked at the residence.  (Id.)  B & R's affidavit indicates that on December 28, 2007, when the first attempt was made, neighbors verified the New Jersey Address as Defendants' residence.  (Id.)  During the final three attempts, the server observed mail bearing Mrs. Stringer's name accumulating by the front door.  (Id.)

On February 9, 2008, Mr. Stringer was served with process at the New Jersey Address

---

[2]Plaintiff does not contend that service of Mr. Diroski was effective against Mrs. Stringer. Cf. Pa. R. Civ. P. 402(a)(2)(i) (defendant may be served with original process "by handing a copy . . . at the residence of the defendant . . . to an adult person in charge of such residence").

by certified mail, return receipt requested.  (Aff. of Serv., Dkt. Entry 5.)  The record contains no

evidence that Plaintiff attempted to serve Mrs. Stringer by mail at the New Jersey Address.

Indeed, the record reveals no further attempts by Plaintiff to serve Mrs. Stringer after January 7,

2008, at either the East Stroudsburg Address or the New Jersey Address.[3]

On July 18, 2008, Plaintiff filed a Motion for Alternate Service of Process upon

Defendant Marianne Stringer by Regular Mail, Certified Mail and Posting.  (Dkt. Entry 13.)[4]

Plaintiff contends that it attempted to serve Mrs. Stringer personally at the East Stroudsburg

and New Jersey Addresses without success.  (Id. ¶ 2, 5.)  Furthermore, Plaintiff argues that it

made a good faith effort to ascertain the whereabouts of Mrs. Stringer, including an inquiry with

the postal service; examination of local telephone directories, 411 assistance, Internet records,

tax records, and Social Security death records; and phone interviews of neighbors.  (Id. ¶¶ 6-

11; Aff. of Good Faith Effort to Locate Defendant(s), Ex. C. to Pl.'s Mot., Dkt. Entry 13-4.)

---

[3]The 120-day period for service prescribed by Federal Rule of Civil Procedure 4(m)
expired March 12, 2008.  On May 7, 2008, Plaintiff moved for an extension of time to serve
Mrs. Stringer.  (Dkt. Entry 7.)  By Order issued May 8, 2008, the Court granted Plaintiff 120
additional days to complete service against Mrs. Stringer.  (Dkt. Entry 9.)  Consequently,
Plaintiff must serve Mrs. Stringer by September 5, 2008.

[4]Plaintiff previously filed two motions for alternate service of process on May 7, 2008,
and June 20, 2008.  (Dkt. Entries 8 & 11.)  By Order entered June 19, 2008, the Court
dismissed the first motion for failure to file a supporting brief in accordance with Local Rule of
Court 7.5.  (Dkt. Entry 10.)  By Order issued June 24, 2008, the Court denied Plaintiff's second
motion because Plaintiff's counsel filed a one-paragraph "Memorandum of Law" that was
"wholly inadequate" and "failed completely to show how a state court rule of civil procedure
applies in the circumstances presented in this federal court litigation."  (Dkt. Entry 12, at 3.)

Plaintiff, therefore, seeks a special order pursuant to Pennsylvania Rule of Civil Procedure 430(a) authorizing service by posting the complaint at the East Stroudsburg Address and by certified mail and regular mail to the New Jersey Address.

Federal Rule of Civil Procedure 4(e)(1) provides the option of serving the summons and complaint in a federal civil action by "following state law for serving [process] in an action brought in courts . . . in the state where the district court is located."  In moving for a special order of service under Pennsylvania law, Plaintiff invokes Rule 430(a), which provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service.  The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).  Service by special order is an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted.  See Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004) ("Alternative service is only appropriate when service 'cannot be made' under the applicable Rule, and only as a last resort." (quoting Pa. R. Civ. P. 430(a))); Johnson v. Jackson, No. Civ. A. 03-5737, 2004 WL 73729, at *1 (E.D. Pa. Jan. 6, 2004) ("Alternative methods of service are an 'option of last resort.'" (quoting Witherspoon v. City of Phila., 768 A.2d 1079, 1088 n.3 (Pa. 2001) (Newman, J., dissenting))). To prevail on its motion, Plaintiff must establish three elements: "'(1) an unsuccessful attempt to properly serve the defendant; (2) a good faith effort to locate the defendant; and, (3) a method

of alternative service that is reasonably calculated to give actual notice to the defendant.'"

HSBC Bank USA, Nat'l Ass'n v. Williams, No. 3:CV-06-306, slip order at 4 (M.D. Pa. Nov. 7, 2007) (Dkt. Entry 8) (order denying motion for service pursuant to special order of court) (quoting Fed. Home Loan Mortgage Corp. v. Stevens, No. 3:01-1932, 2001 WL 1528530, at *1 (M.D. Pa. Nov. 30, 2001)).[5]

　　　　In this matter, Plaintiff has failed to show that "service cannot be made under the applicable rule." Pa. R. Civ. P. 430(a) (emphasis added).  In this regard, the rule applicable to this matter is Rule 410(a), which provides that service of a complaint in a mortgage foreclosure action is governed by, inter alia, Rules 400 (service within the Commonwealth) and 404 (service outside the Commonwealth).  See Pa. R. Civ. P. 410(a).  As Plaintiff has evidence that Mrs. Stringer resides within and outside the Commonwealth, Plaintiff must attempt service under both rules.  Subject to exceptions not relevant to this matter, Rule 400(a) provides that "original process shall be served within the Commonwealth only by the sheriff." Pa. R. Civ. P.

---

[5]Some courts apply a slight variation of this three-prong test:

> (1) Plaintiff must show a good faith effort to locate the [d]efendant; (2) [p]laintiff must undertake practical efforts to serve [d]efendant under the circumstances; and (3) [p]laintiff must show that the proposed alternate method of service is reasonably calculated to provide the [d]efendant with notice of the proceedings against him.

Banks v. Alvarez, Civ. A. No. 08-2030, 2008 WL 2579704, at *2 (E.D. Pa. June 30, 2008) (citing Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).  Because these formulations are analytically indistinguishable, application of either yields the same outcome.

400(a).  Rule 404 provides for service of original process outside the Commonwealth "(1) by a competent adult in the manner provided by Rule 402(a); (2) by mail in the manner provided by Rule 403[6]; [or] (3) in the manner provided by the law of the jurisdiction in which the service is made."  Pa. R. Civ. P. 404(1)-(3).[7]

Here, although Plaintiff attempted service by sheriff on Mrs. Stringer at the East Stroudsburg Address, (see Aff. of Return), and service by competent adult (B & R Services) at the New Jersey Address, (see Aff. of Due Diligence), Plaintiff has offered no evidence that it attempted to serve Mrs. Stringer at the New Jersey Address by mail or pursuant to New Jersey

---

[6]Rule 403 provides:

If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

(1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.

(2) If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.

Pa. R. Civ. P. 403.

[7]Subdivisions (4) and (5), omitted here, refer to service of original process outside the United States.  See Pa. R. Civ. P. 404(4)-(5).

law.  Indeed, part of the relief sought by Plaintiff is an order allowing service at the New Jersey

Address by certified and regular mail, which, as indicated above, is permitted by Rule 404

without prior court-approval.  See also HSBC Bank USA, slip order at 6.  Thus, Plaintiff should

have attempted service by mail months ago, and its failure to do so is inexplicable in light of its

successful service on Mr. Stringer by mail.[8]  In any event, absent failed attempts to serve Mrs.

Stringer by mail and pursuant to New Jersey law, Plaintiff is unable to show "service cannot be

made under the applicable rule," a showing indispensable to judicial authorization of special

service.  See Grove, 222 F.R.D. at 256, 257 (denying plaintiff's motion for alternate service of

out-of-state defendant, in part, because plaintiff had not exhausted all means of service

prescribed by Rule 404); see also Calabro v. Leiner, 464 F. Supp. 2d 470, 473 (E.D. Pa. 2006)

(denying plaintiff's motion for failure to undertake "practical efforts" to serve defendants; "no

evidence that defendants are attempting to evade service; nor is there any other indication why

future attempts at service, at different times or on different days, would be futile").

    Because Plaintiff has not exhausted all methods of service under the applicable rules, its

motion is premature, and thus service by special order is inappropriate at this juncture.  If,

however, Plaintiff attempts to serve Mrs. Stringer pursuant to Rule 404 without success,

---

[8]Nor has Plaintiff endeavored to serve Mrs. Stringer again by competent adult at the
New Jersey Address.  Because Mr. Stringer – Mrs. Stringer's husband – was served there, an
additional attempt may not have been futile.

Plaintiff may re-file its motion for alternate service.[9]  ACCORDINGLY, IT IS HEREBY

---

[9]If Plaintiff re-files its motion for alternate service, the motion must be accompanied by "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a).  The affidavit must demonstrate Plaintiff undertook a "'good faith' effort to locate [Mrs. Stringer] and properly effectuate service."  Grove, 222 F.R.D. at 256.  The note to Rule 430(a) sketches an illustration of a good faith effort to locate a defendant: "(1) inquiries of postal authorities . . ., (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records."  Pa. R. Civ. P. 430(a) note.  "While by no means exhaustive, this Note is at least indicative of the types of procedures contemplated by the legislature when enacting Rule 430.  In essence, it provides that more than a mere paper search is required . . . ."  Deer Park Lumber, Inc. v. Major, 559 A.2d 941, 946 (Pa. Super. Ct. 1989).

Here, the "Affidavit of Good Faith Effort to Locate Defendant(s)" prepared by Larry Del Vecchio and submitted by Plaintiff in support of its motion would not sustain Plaintiff's burden to demonstrate a good faith effort to locate Mrs. Stringer.  (See Ex. C to Pl.'s Mot.)  At the outset, the Court observes that Mr. Del Vecchio's affidavit does not comply with Rule 430(a).  In this regard, the affidavit is terse, offering scant details regarding the nature and extent of his one-day investigation, and fails to state "reasons why service cannot be made."  Moreover, to the extent Mr. Del Vecchio's investigation uncovered any information bearing on Mrs. Stringer's whereabouts, Plaintiff never used such information to attempt service on Mrs. Stringer.  Cf. Gray v. Power, Civ. A. No. 94-5076, 1996 WL 30475, at *2 (E.D. Pa. Jan. 18, 1996) (affidavit of investigation describes obtaining address information from, among other sources, a "skip-tracer" service and the department of motor vehicles and utilizing that information to unsuccessfully attempt service on defendant at two addresses).  Thus, Plaintiff's investigation appears to have been a perfunctory exercise undertaken to satisfy Rule 430(a), rather than a good faith effort to locate Mrs. Stringer in order to serve her under the applicable rule.

That said, Mr. Del Vecchio's affidavit reveals that his investigation left several stones unturned.  For instance, although he inquired with the postal service, examined unspecified telephone directories and Internet records, and inquired with an unidentified tax office, he made no inquiry with the Pennsylvania or New Jersey motor vehicle departments nor did he meaningfully explore voter registration information.  And aside from speaking by telephone to

(continued...)

ORDERED THAT Plaintiff's Motion for Alternate Service of Process upon Defendant Marianne

Stringer by Regular Mail, Certified Mail and Posting (Dkt. Entry 13) is DENIED, WITHOUT

PREJUDICE.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

---

[9](...continued)
one neighbor of the New Jersey Address and unsuccessfully attempting to contact a neighbor
of the East Stroudsburg Address, Mr. Del Vecchio interviewed no one concerning Mrs.
Stringer's whereabouts, such as additional neighbors, relatives, employers, or local postal
carriers.  Significantly, neither Mr. Del Vecchio nor anyone else on Plaintiff's behalf interviewed
Mr. Dirsoki, the tenant occupying the East Stroudsburg Address, or Mr. Stringer, Mrs. Stringer's
husband who himself was served at the New Jersey Address.  As such, Plaintiff's efforts fall
short of the good faith inquiry demanded by Rule 430(a).